UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FAIZ KHAN M.D.,

                              Plaintiff,

     -against-                                       Case 2:24-cv-04745 (JMA) (ST)

JAMES MCDONALD, MD, in his official               Electronically Filed
capacity as Commissioner of NYS
Department of Health;
JOSEPH A. GIOVANNETTI,
in his official capacity as Director of Bureau of
Investigations, NYS Department of Health;
LAWRENCE BURWELL,
in his official capacity investigator,
New York State Department of Health;
BRIAN CRUZ, in his official
his capacity as investigator, New York
State Department of Health;
"JOHN DOE" and/or "MARY ROE,"
the last two names being fictitious whose
identity is unknown to the Plaintiff, the
individual(s) intended being the director
or head officer of the NYS Department
of Health Immunizations Bureau,

                              Defendants
-------------------------------------------------------------X

## AFFIRMATION OF JOSEPH GIOVANNETTI, ESQ.

**JOSEPH GIOVANNETTI, ESQ.**, an attorney duly admitted to practice law in the State of New York, hereby affirms pursuant to 28 U.S.C. § 1746 that the following is true:

1. I am the Director of the Bureau of Investigations within the Division of Legal Affairs at the New York State Department of Health ("DOH" or "Department"). As such, I oversee operations within DOH's Bureau of Investigations and supervise its staff, including Investigators Lawrence Burwell and Brian Cruz. I am familiar with the facts set forth herein based upon personal knowledge, discussions with DOH staff, and DOH records.

2. I am an attorney licensed to practice law in New York and have been for over 12 years. Prior to my work with DOH, I served as Special Counsel to the Commissioner and Chief of Staff at the New York State Department of Transportation. Before that, I served as an Assistant United States Attorney in the Criminal Division of the United States Attorney's Office in the Northern District of New York. After graduating from law school in June 2011, I began my legal career as an Assistant District Attorney at the Manhattan District Attorney's Office.

3. Through DOH, I have nearly four years of experience leading investigations of fraud and other misconduct involving vaccines, vaccinations, and immunization records. Beginning in January 2021, I led New York's Vaccination Complaint Investigations Team, a statewide task force responsible for investigating complaints of fraud involving the state's Covid-19 Vaccination Program throughout the Covid-19 pandemic. Most recently, I was put in charge of the Bureau of Investigations within the Division of Legal Affairs, a unit responsible for conducting a broad range of investigations including, but not limited to, those involving vaccination fraud. To date, DOH's vaccine-fraud related investigations have resulted in at least 50 arrests, three federal indictments, and the imposition of substantial monetary penalties against violators.

### New York State Immunization Information System (NYSIIS)

4. Public Health Law ("PHL") § 2168 requires DOH to maintain a statewide "electronic immunization information system" that is "capable of collecting, storing, and disclosing the . . . records of vaccinations received by persons under nineteen years of age."

5. Healthcare providers authorized to administer vaccinations are required to report all immunizations for children under nineteen (19) years old to the New York State Immunization Information System ("NYSIIS") per PHL § 2168(3)(a).

6. Once submitted, the information is used by medical professionals, public-health officials, school administrators, and other authorized NYSIIS users responsible for reducing illness, disability, and death caused by vaccine-preventable disease.

7. PHL §§ 2168(1), (5), and (13) explicitly charge the Department with implementing and maintaining the NYSIIS database. The Department has a legal obligation and public-health objective to protect the integrity of NYSIIS and enforce the laws and regulations applicable to its use. *See* PHL 206(1)(f) ("The commissioner shall … enforce the public health law.")

8. All authorized users of NYSIIS must sign the NYSIIS User Agreement ("User Agreement"), acknowledging that they have read, understood and agree to abide by its terms. *See* **Exhibit "A,"** a true and accurate copy of the NYSIIS User Agreement. In signing the User Agreement, users agree that they understand any violation of the provisions will result in termination of access privileges. Authorized NYSIIS users also agree to retain the signed copy of the Agreement itself, which is to be "readily available upon request." Id. at 4.

9. In Part 1, the User Agreement states the following: "This agreement represents a commitment by the authorized user to abide by the terms of Public Health Law, Title 6, Article 2168, and the provisions of 10 NYCRR (New York Code of Rules and Regulations), Section 66-1.2 (to be adopted) related to [NYSIIS]." Id.

10. Pursuant to PHL § 2168(3)(a)(i), all authorized NYSIIS users who administer any vaccine to a person under 19 years old must, among other things, report vaccination information within 14 days of administration of the vaccine.

11. Pursuant to PHL § 2168(9), DOH "may refuse access to the statewide immunization information system based on the authenticity of the request, credibility of the authorized user or other reasons as provided for in regulation."

### **Suspension of Dr. Faiz Khan's Access to NYSIIS**

12.     Based on experience from prior investigations and enforcement actions, the Bureau of Investigations is aware that a June 2019 amendment to New York's school immunization law eliminating non-medical exemptions to vaccinations required for school admittance created a black market for fraudulent pediatric vaccination records in New York State. Children who had previously qualified for non-medical exemption were, for the first time, required to show proof of vaccination to enroll and attend any school in New York. Some families sought fraudulent vaccination records, including from licensed healthcare professionals, rather than have their children vaccinated as required.

13.     As part of its ongoing effort to identify and eliminate vaccination fraud, the Bureau of Investigations conducted a general audit in May 2024 of the NYSIIS reporting patterns of authorized NYSIIS users that had (i) enrolled in NYSIIS since June 2019, and (ii) reported administration of *non*-Covid (i.e., *routine* or *standard*) pediatric vaccines to the database. This included Advanced Medicine of Long Island, owned and operated by Dr. Khan, which had enrolled in NYSIIS in March 2021 and had reported non-Covid pediatric vaccinations up to the time of the May 2024 audit.

14.     Upon initial review of vaccination information associated with Advanced Medicine of Long Island, the Bureau of Investigations determined that, since January 1, 2024, Dr. Khan had reported administering pediatric vaccinations required for school admission to ten patients, *seven* of which were former clients of Jeanette Breen, a Nassau County midwife who operated Baldwin Midwifery and who the Department determined had provided fraudulent immunization records to approximately 1,452 children. Of the 35 total (pediatric and adult) vaccinations that Dr. Khan had reported administering since January 1, 2024, a full 31 were reportedly administered to former

Baldwin Midwifery patients. These patients, like all of Jeanette Breen's clients, had been required to receive vaccinations after the Department of Health had invalidated their fraudulent vaccination records and removed those records from NYSIIS in November 2023.

15. While not dispositive on its own, this migration of purported vaccinees from Baldwin Midwifery to Advanced Medicine of Long Island for purposes of obtaining required immunizations, and the fact that former Baldwin Midwifery patients made up the majority of Dr. Khan's recent vaccinees (ten out of a total of 14 since the Baldwin Midwifery matter had been resolved with a signed Stipulation and Order at the end of November 2023), dictated the need for further examination of Dr. Khan's vaccination practice and the validity of the information that he was reporting to NYSIIS. Moreover, review of the Advanced Medicine of Long Island website revealed to DOH that Dr. Khan was *not* a pediatrician and did *not* advertise offering immunizations or any other standard pediatric healthcare services. Instead, the website advertised ambiguous "initial brief evaluations" and "initial full evaluations" for fees of $950 and $1,850, respectively, at a medical practice located at "the back portion of [a] building complex"—between a gym and a martial arts studio. *See* https://advancedmedicineli.com (last visited August 1, 2024).

16. Altogether, the fact that former clients of Baldwin Midwifery (who were known to have previously received fraudulent vaccination records) were migrating to an obscurely located non-pediatric practice that, on its face, did not offer vaccination to receive mandatory childhood immunizations raised questions requiring investigation.

17. On April 29, 2024, under my supervision and pursuant to my instructions, Investigators Lawrence Burwell and Brian Cruz, both with the Bureau of Investigations, conducted a consensual interview with Dr. Khan at his medical practice, Advanced Medicine of Long Island, located at 180 Michael Drive, Syosset, New York 11791.

18.     During the interview, among other things, Investigators Burwell and Cruz observed over a dozen expired vaccines – kept separate from unexpired vaccines – in a refrigerator at Dr. Khan's practice. Among them were vaccines that had expired as early as September 2021 and, most recently, in November 2022.

19.     Through prior investigation, I know that providers committing vaccination fraud may maintain a small supply of vaccine vials and continually re-use the lot number[1] and other identifying information from the vials when fraudulently reporting vaccination information to NYSIIS. Moreover, I am familiar with vaccination fraudsters "backdating" fraudulently reported vaccinations, which requires the use of vaccine lot numbers that were valid (i.e., unexpired) at the purported time of administration. For example, as part of a fraud scheme, a provider may report to NYSIIS on January 1, 2024, a vaccination that was purportedly *administered* on January 1, 2020. To do so with less risk of being caught, the provider would need to use the genuine lot number of a vaccine that was valid four years earlier, at the reported time of the fictional vaccination, but that would be long-since expired at the time the fraudster falsely reported the vaccination to NYSIIS.

20.     A subsequent review of vaccination data submitted to NYSIIS by Dr. Khan determined that approximately 30% of the purported non-Covid vaccinations were reported a year or more *after* the purported administration date. In at least four cases, the vaccine that he reported administering a year or more *after* the purported administration date was one of the expired vaccines that Investigators Burwell and Cruz observed in his refrigerator at the time of the April 29 interview. Moreover, review of Dr. Khan's NYSIIS data showed that on at least seven occasions he had reported administering one of the expired vaccines observed in his refrigerator on a date

---

[1] A lot number is a unique number assigned by a vaccine manufacturer which identifies a batch of vaccine that was manufactured at the same time under the same conditions; vials of vaccine that come from the same batch will have the same lot number.

when it would have been *expired* for no less than half-a-year and for as long as sixteen months. In other words, Dr. Khan had reported to NYSIIS injecting patients with expired vaccines. Finally, Dr. Khan used one of the lot numbers from the expired vaccines to report administration of *four different vaccines*, not one of which was the vaccine to which that lot number was in fact assigned.

21. Additionally, the Bureau of Investigations found that out of approximately 215 standard pediatric (i.e., non-Covid) vaccines reported to NYSIIS by Dr. Khan since March 2021, 83 were reported to NYSIIS beyond the 14-day requirement. The majority of these were reported months or years after they were purportedly administered.

22. At a minimum, and best-case scenario, all of this showed grossly inaccurate reporting of required information to NYSIIS in violation of the User Agreement and PHL § 2168 that the Department was obliged to address. Beyond that, it evinced conduct and practices involving vaccines, vaccine administration, and immunization reporting that presented an exigent and ongoing risk to public health.

23. Based on our findings at that point in the investigation, and in the interest of ensuring the integrity of NYSIIS and protecting public health, on May 31, 2024, the Department of Health suspended the NYSIIS account for Advanced Medicine of Long Island and Dr. Khan.

24. On June 12, 2024, under my supervision and pursuant to my instructions, Investigators Lawrence Burwell and Brian Cruz conducted a second consensual interview with Dr. Khan at his practice.

25. Over the course of the two meetings with Dr. Khan, on April 29, 2024 and June 12, 2024, Investigators Burwell and Cruz asked questions and discussed with Dr. Khan in general terms the Department's concerns about the accuracy of his reporting of vaccine information on the

NYSIIS system, including the reporting of possibly expired lot numbers and untimely entry of vaccine information into NYSIIS. They did so at my direction.

26. *Subsequently*, on or about June 17, 2024, the Bureau of Investigations received unsolicited information from a credible source that Dr. Khan had reported at least fourteen (14) additional vaccinations to NYSIIS using an invalid (i.e., non-existent) lot number. Suffice to say, the Department found out then that a medical institution separate from DOH had been independently investigating vaccination records provided by Dr. Khan and, like the Bureau of Investigations, had determined that there were inaccuracies and inconsistencies such that it referred the matter, along with its findings, to the Bureau of Investigations via STOPVAXFRAUD@health.ny.gov, an email address expressly publicized and used by the Department of Health to receive tips and complaints related to vaccination fraud.

27. Defendants have no current plan to visit Dr. Khan or his medical practice again. Through counsel, Defendants have reached an agreement with Dr. Khan that any future requests for information from Dr. Khan concerning this investigation will be routed through his counsel.

### DOH Subpoena to Dr. Faiz Khan

28. Since August 3, 2020, I have been authorized by the Commissioner of Health, pursuant to PHL § 12-a, to compel the attendance of witnesses and the production of books, papers, and records concerning all matters within the jurisdiction of DOH. *See* **Exhibit "B,"** a true and accurate copy of the Designation of Investigative Authority addressed to Joseph Giovannetti, with redactions on the first page.

29. On June 11, 2024, I issued a subpoena to Dr. Khan demanding the production of records related to his vaccination practices to further the above-described investigation, which was personally served on Dr. Khan by Investigators Burwell and Cruz, at my instruction, on June 12,

2024. *See* **Exhibit "C,"** a true and accurate copy of the subpoena served on Dr. Khan, excluding the attachment containing the names of individual patients.

Dated: September __20__, 2024

_____<br>
JOSEPH A. GIOVANNETTI

# NEW YORK STATE DEPARTMENT OF HEALTH
# NEW YORK STATE IMMUNIZATION INFORMATION SYSTEM

# NYSIIS USER AGREEMENT

**Part 1: Purpose**

This agreement represents a commitment by the authorized user to abide by the terms of Public Health Law, Title 6, Article 2168, and the provisions of 10 NYCRR (New York Code of Rules and Regulations), Section 66-1.2 (to be adopted) related to the New York State Immunization Information System (NYSIIS).

This agreement details the responsibilities of the authorized user with regard to:
1. Enrolling and Participating in NYSIIS
2. Confidentiality
3. Authorized Uses of Data

**1. Enrolling and Participating in NYSIIS**

In order to access NYSIIS, every user must also have a valid account on the New York State Department of Health's (NYSDOH) Health Commerce System (HCS). This account requires a signed and notarized *Security and Use Policy* and the terms of this policy continue to apply to users of NYSIIS.

**All health care providers and their authorized users agree to:**
   A. Submit to NYSIIS, in an electronic format, information related to administration of vaccines to persons from birth up to 19 years of age.
   B. Report information within 14 days of administration of such vaccine.
   C. Submit, at a minimum, all required data elements, as indicated with an asterisk (*) in the application.
   D. Report available information on past immunizations, if not already reported by another provider.
   E. Provide individuals 19 years and over with the opportunity to consent to participation in NYSIIS.
   F. Enroll new patients, if not already in NYSIIS, at their first immunization encounter and provide the parent/guardian with NYSIIS educational materials.
   G. Provide NYSIIS generated records to parents/guardians upon request and without cost.
   H. Notify NYSDOH within seven (7) days of an authorized user no longer needing NYSIIS access, for whatever reason, so that the user's access can be terminated in NYSIIS.

2. **Confidentiality**

**All authorized users of NYSIIS agree to:**
   A. Handle all information and documents obtained through NYSIIS in a confidential manner similar to handling any other confidential medical information.
   B. Understand that all transactions are logged and may be subject to audit.
   C. Access information only on individuals for whom health care services are provided, or as otherwise defined in Statute.
   D. Carefully safeguard access privileges and passwords,
   E. Properly exit NYSIIS when the Authorized User is not present at the computer (i.e., the User must log off).
   F. Promptly report any threat or violation of NYSIIS confidentiality or security.

**All authorized users of NYSIIS agree *not* to:**
   A. Permit other persons to access NYSIIS by using another person's Health Commerce System (HCS) login and password.
   B. Enter inaccurate data intentionally, or falsify data currently in NYSIIS.
   C. Copy all or part of the database for unauthorized use.
   D. Remove from a job site or copy any document or computer record containing confidential information unless specifically authorized to do so and if required in the course of official duties.
   E. Discriminate, threaten, or take any adverse actions with respect to a person to whom confidential information pertains.

3. **Authorized Use of Data**

**Authorized use of NYSIIS data is restricted based on the level of access which an organization is permitted.**

   A. State, City and Local health department users are authorized to use the immunization registry for purposes of outreach, quality improvement and vaccine accountability, research, epidemiological studies and disease control.
   B. Health care providers and their authorized users have access to the data for purposes of submission of information about vaccinations received by a specific registrant; determination of the immunization status of a specific registrant; review of practice coverage; generation of reminder notices; quality improvement and vaccine accountability; and printing a copy of the immunization record for the patient's medical record, for the patient, for the patient's parent or guardian, or other person in parental or custodial relation to a patient.
   C. Schools and their authorized users have view-only access to the data for purposes of verifying eligibility for admission.
   D. Health insurance plans and their authorized users have view-only access to the data for purposes of performing quality assurance, accountability and outreach relating to enrollees covered by the health insurance plan.
   E. Commissioners of local social services districts and their authorized users have access to the data with regard to a child in his/her legal custody.

    F.  The Commissioner of the Office of Children and Family Services and his/her authorized users have access to the data with regard to children in his/her legal custody, and for purposes of quality assurance and accountability and care and treatment of children in the custody of commissioners of local social services districts.

9/1/2011

**Part 2: Signature**

**I have read, agree and will abide by the terms of this User Agreement. I understand this information and I agree with all of the provisions listed. Further, I understand that any violations of these provisions will result in termination of access privileges.**

**All authorized users of NYSIIS must complete the following information:**

**Applicant Information:**

| |
|---|
| Last Name, First Name: |
| Title: |
| Signature: |
| HPN or HIN ID: |

**Organization Information:**

| |
|---|
| **Organization/Practice Name:** |
| **Address:** <br> Street <br><br> City/State                                        Zip Code <br> County <br> Telephone #   (        ) _____ - _____ |

**Note:   This form must remain on file at the User's organization and readily available upon request.**

4

EXHIBIT "B"



**ANDREW M. CUOMO**
Governor

**HOWARD A. ZUCKER, M.D., J.D.**
Commissioner

**LISA J. PINO, M.A., J.D.**
Executive Deputy Commissioner

TO: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Joseph Giovannetti
Special Counsel for Ethics, Risk & Compliance

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

FROM: Howard A. Zucker, M.D., J.D.
Commissioner of Health

DATE: August 3, 2020

SUBJECT: Designation of Investigative Authority

In accordance with the authority vested in me by Public Health Law § 12-a, I hereby authorize you to administer oaths, compel the attendance of witnesses and the production of books, papers and records and to take proof and testimony concerning all matters within the jurisdiction of the New York State Department of Health.

Furthermore, I hereby ratify any actions taken by you, prior to this date, in accordance with this delegation of authority.

Signed: _/s/ Howard Zucker M.D._____

Howard A. Zucker, M.D., J.D.
Commissioner of Health

EXHIBIT "C"

STATE OF NEW YORK   :   DEPARTMENT OF HEALTH
---------------------------------------------------------------------------------

IN THE MATTER

OF

Faiz Khan, M.D.
(Inv. No. DOH-0905(c))

---------------------------------------------------------------------------------

To:             Faiz Khan, M.D.

Advanced Medical Long Island
180 Michael Drive
Syosset, NY 11791

YOU ARE HEREBY COMMANDED to produce for inspection and reproduction by a duly designated representative of the Commissioner of Health of the State of New York on or before **June 28, 2024**, the items in your possession or under your control, which are identified in the paragraph below, by electronic mail to Joseph Giovannetti, Director, Bureau of Investigations, at Joseph.Giovannetti@health.ny.gov. In the alternative, these items may be produced by mailing the same to Joseph Giovannetti, Director, Bureau of Investigations, Division of Legal Affairs, New York State Department of Health, Corning Tower, Room 2438, Albany, New York 12237.

1. Any and all order forms, purchase orders, confirmations, invoices, bills, receipts, shipping notices, packing slips, and other records related to the ordering, purchasing, shipping, receipt, and return of any and all of the following vaccines[1] from **January 1, 2019**, to present:

---

[1] The nomenclature used for the twenty-three (23) vaccines enumerated in this paragraph is that which user "Faiz Khan" used when entering vaccination records into the New York State Immunization Information System ("NYSIIS") from June 2019 to present.

1

      (i)      ActHib

      (ii)     Adacel

      (iii)    Afluria Quadrivalent

      (iv)    Boostrix

      (v)     Daptacel

      (vi)    Engerix-B Adult

      (vii)   Engerix-B Peds

      (viii)  FLUAD Quadrivalent

      (ix)    Fluzone Quadrivalent

      (x)     Gardasil

      (xi)    Havrix-Peds

      (xii)   Hiberix

      (xiii)  IPOL

      (xiv)  Menactra

      (xv)   MenQuadfi

      (xvi)  MMR II

      (xvii) Pediatix

      (xviii) PedvaxHIB

      (xix)  Prevnar 13

      (xx)   Prevnar 7

      (xxi)  Priorix

---

(xxii)  Recombivax Peds

(xxiii)  Varivax

2. Any and all records regarding immunization by Dr. Faiz Khan and/or Advanced Medicine of Long Island of the twenty-two (22) individuals whose names and dates of birth are listed in Addendum 1, attached hereto, including but not limited to medical/clinical records (also known as "charts"); appointment/scheduling records; billing records; and communication, correspondence, and/or notes and any other records of communication, from, to, with, or on behalf of the individuals and/or the individuals' guardian(s)/healthcare proxy.[2]

3. Any and all records related to and documenting the practice of charging patients for the procurement cost of a vaccine and the subsequent division of that cost among future patients who receive vaccines from the same vaccine supply including, but not limited to, spreadsheets, records of cost divisions and calculations of cost, reimbursements, and any and all communications regarding cost variations and reimbursements.

4. Any and all pamphlets, handouts, guidance documents, informational sheets, and instructions distributed to any and all patients regarding homeopathic alternatives to conventional vaccines.

5. Records sufficient to identify the name, date of birth, and last-known contact information (address and telephone number) of any and all individuals employed by Faiz Khan, M.D., and/or Advanced Medical Long Island at any time, and for any duration of time, from January 1, 2019, to present.

---

[2] User "Faiz Khan" reported to NYSIIS information regarding treatment of each of the individuals listed. This subpoena demands any and all records related to the treatment she reported.

3

6. Completed (i.e., signed and dated) New York State Department of Health New York State Immunization Information System ("NYSIIS") User Agreement form.[3]

The authority for this Subpoena Duces Tecum is Public Health Law § 206(4)(a) and § 12-a(1). Failure to comply with this Subpoena Duces Tecum may subject you to such penalties as are provided by the laws of the State of New York.

DATED: Albany, New York　　　　　　　　　　James V. McDonald, M.D., M.P.H.
　　　　　　June 11, 2024　　　　　　　　　　　　Commissioner of Health

　　　　　　　　　　　　　　　　　　BY:　　*Joe Giovannetti*
　　　　　　　　　　　　　　　　　　　　　Joseph A. Giovannetti, Director
　　　　　　　　　　　　　　　　　　　　　Bureau of Investigations
　　　　　　　　　　　　　　　　　　　　　Division of Legal Affairs
　　　　　　　　　　　　　　　　　　　　　New York State Department of Health

**Inquiries to:**　Joseph A. Giovannetti, Esq.
　　　　　　　　Director, Bureau of Investigations | Division of Legal Affairs
　　　　　　　　New York State Department of Health

**Phone:**　　　(518) 703-1344

**Email:**　　　joseph.giovannetti@health.ny.gov

---

[3] Per the NYSIIS User Agreement itself, "This form must remain on file at the User's organization and readily available upon request." See NYSIIS User Agreement, p. 4.

4