Case 2:24-cv-04745-JMA-ST   Document 65   Filed 09/25/25   Page 1 of 7 PageID #: 1046

FILED
CLERK
9/25/2025 9:36 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FAIZ KHAN M.D.,

                                  Plaintiff,

        -against-

JAMES MCDONALD, MD, in his official capacity as
Commissioner of NYS Department of Health;
JOSEPH A. GIOVANNETTI, in his official capacity as
Director of Bureau of Investigations, NYS Department
of Health; LAWRENCE BURWELL, in his official capacity
investigator, New York State Department of Health;
BRIAN CRUZ, in his official his capacity as investigator,
New York State Department of Health; "JOHN DOE"
and/or "MARY ROE," the last two names being fictitious
whose identity is unknown to the Plaintiff, the individual(s)
intended being the director or head officer of the NYS
Department of Health Immunizations Bureau,

                                  Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-cv-4745 (JMA) (ST)

**AZRACK, United States District Judge:**

On July 8, 2024, Plaintiff brought this action seeking declaratory and injunctive relief against various New York State Department of Health ("DOH") officials for alleged violations of Plaintiff's constitutional rights.  (See Am. Compl., ECF No. 16.)

Presently before the Court are Plaintiff's motions for a preliminary injunction and to quash a DOH subpoena, and Defendants motion to dismiss the Amended Complaint.  (See ECF No. 40; ECF No. 41; ECF No. 53.[1])  Also before the Court is Magistrate Judge Tiscione's August 29, 2025

---

[1] Additionally, the Court will consider Plaintiff's request to amend his complaint with new claims that allegedly accrued after the fully briefed motion to dismiss was filed.  (See ECF No. 55.)

Report and Recommendation ("R&R"), which recommends dismissal of the Amended Complaint without prejudice, and denial of Plaintiff's motions as moot. (See R&R, ECF No. 58 at 27-28.) On September 17, 2025, Plaintiff filed objections to the R&R.[2] (ECF No. 63.) For the following reasons, the Court ADOPTS the R&R in its entirety and dismisses the claims against the Defendants without prejudice.

## I.     LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see Fed. R. Civ. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Additionally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as

---

[2] The Court notes that despite granting two requests for extensions of time, Plaintiff's objections to the R&R were still untimely. (See September 5, 2025 Order (granting motion for extension of time to file objections by September 15, 2025); September 15, 2025 Order (granting second motion for extension of time to file objections by September 16, 2025).) Plaintiff's objections were not filed until the early morning of September 17, 2025, and were "the wrong version of the objections [] filed without a table of contents and table of authorities." (ECF No. 64 at 1.) Plaintiff claims that the late filing was "[d]ue to technical computer issues." (Id.) For the purposes of this Order, the Court will consider the corrected version of Plaintiff's objections. (See ECF No. 63.)

2

a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted).

## II.   DISCUSSION

The Court presumes familiarity with the background of this case, which is set forth in detail in Judge Tiscione's R&R.  (See R&R at 2-9.)  Plaintiff objects to the R&R on four[3] grounds: (1) Plaintiff objects to the R&R's purported recommendation of "[s]ua sponte dismissal with prejudice and without leave to amend the amended complaint based on prolixity and Rule 8 violations"; (2) Plaintiff objects to the recommendation to dismiss the Amended Complaint for lack of Article III standing; (3) Plaintiff objects to the recommendation to deny the motion to quash subpoena because it is not ripe; and (4) Plaintiff objects to the R&R's purported recommendation to "ignore Plaintiff's request for a conference on the proposed amended complaint . . . ." (ECF No. 63 at 9-10.)  Although Plaintiff at many points recapitulates the same arguments originally made to Judge Tiscione, in an abundance of caution, the Court reviews the record de novo.  But see Jeremy B. v. Comm'r of Soc. Sec., No. 621CV0903, 2023 WL 2386282, at *3 (N.D.N.Y. Mar. 7, 2023) ("Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Tiscione's well-reasoned and thorough recommendations and rejects Plaintiff's objections for the reasons described below.

Plaintiff's first objection can be disposed of quickly because it objects to a conclusion not recommended by the R&R.  Plaintiff asserts that the R&R recommends "[s]ua sponte dismissal with prejudice and without leave to amend the amended complaint based on prolixity and Rule 8

---

[3]   Plaintiff numbers his objections one through five but does not have a second numbered objection. (See ECF No. 63 at 9-10.)

3

violations." (ECF No. 63 at 9.) Not so. As the R&R concludes, "[u]ltimately, Plaintiff lacks standing to pursue his requested prospective relief." (R&R at 17.) With respect to Rule 8 violations, Judge Tiscione only recommended that

> in the event that the District Court determines that Plaintiff's claims should survive, this Court would respectfully recommend that the District Court order the filing of a second amended complaint that complies with Rule 8 so as to enable Defendants to answer a pleading which properly puts them on notice of the claims against them. Alternatively, this Court would respectfully recommend striking the "redundant, immaterial, impertinent, or scandalous matter" within the Amended Complaint before requiring Defendants to answer it.

(Id. at 14-15) (citations omitted.) The R&R thus does not "sua sponte raise[] the violation of Rule 8 violations and prolixity as grounds for the recommendation to dismiss the Amended Complaint." (ECF No. 63 at 10.) Moreover, although the Court agrees with Judge Tiscione and finds that the Amended Complaint is replete with "prolix, unintelligible, [and] speculative complaints that are argumentative, disjointed and needlessly ramble," Shetiwy v. Midland Credit Mgmt., 980 F.Supp.2d 461, 467 (S.D.N.Y. 2013) (citation omitted), it does not dismiss the Amended Complaint on this ground. Therefore, Plaintiff's first objection is overruled.

Second, Plaintiff objects to the R&R's central conclusion that his claims fail for lack of standing. Plaintiff asserts that "denial of access to NYSIIS without due process amounts to a continuous due process violation through the taking of formal agency action without due process," and thus the R&R erroneously found that Plaintiff failed to establish a certainly impending future injury. (ECF No. 63 at 28.) The Court rejects this argument. Plaintiff does not seriously attempt to argue against the R&R's basis for its conclusion, which focuses on Plaintiff's repeated assertion that he "does not routinely vaccinate his patients." (Am. Compl. ¶ 88.) As the R&R aptly states,

> While Plaintiff admits to having previously vaccinated patients, it is implausible that losing NYSIIS access will cause Plaintiff future harm when his own allegations go to great lengths to minimize the role and frequency of vaccinations at his practice. How could Plaintiff be facing "certainly impending future injury" in

4

>losing NYSIIS access when he does not "routinely" vaccinate patients? Even construing these allegations in his favor, Plaintiff simply cannot have it both ways. After all, a merely hypothetical and conjectural injury does not rise to the level of being plausible.

(R&R at 20.) (internal quotations and citations omitted.)  Instead of grappling with this conclusion, Plaintiff largely reiterates the arguments set forth in his opposition papers.  (Compare ECF No. 63 at 23-28 with ECF No. 53-2 at 16-21.)  These arguments are again unavailing.  Plaintiff does not establish a certainly impending future injury in the face of his repeated assertions that his practice does not routinely involve vaccinations.  Thus, the Court agrees with the R&R and finds that Plaintiff does not have standing.

Third, Plaintiff takes issue with the R&R's recommendation that his request to quash the DOH subpoena is "premature and thus not ripe for adjudication." (R&R at 22.)  Plaintiff's sole argument on this point is that "[o]verwhelming holdings of the US Supreme Court decided this issue against such abstention to adjudicate a government subpoena under the Fourth Amendment." (ECF No. 63 at 28.)  Plaintiff is incorrect.  The cases cited by Plaintiff are inapposite and do not squarely tackle the issue of whether a challenge to a state pre-enforcement subpoena is ripe for adjudication.  Rather, as cited in the R&R, multiple courts have found that a "plaintiff's challenge to a state attorney general's subpoena for documents becomes 'ripe' for adjudication when the plaintiff 'cannot refuse to respond to the document demands without consequence.'" Mohammadi v. Tong, No. 3:24-CV-01473, 2025 WL 1029862, at *1 (D. Conn. Apr. 7, 2025) (quoting Exxon Mobil Corp. v. Schneiderman, 316 F. Supp. 3d 679, 695 (S.D.N.Y. 2018), aff'd in part, appeal dismissed in part sub nom. Exxon Mobil Corp. v. Healey, 28 F.4th 383 (2d Cir. 2022); see also Google, Inc. v. Hood, 822 F.3d 212, 225 (5th Cir. 2016) ("Because the government had not filed an enforcement action, this court held that the motion to quash was not ripe for judicial action . . . and . . . should have been dismissed for lack of subject matter jurisdiction.")  Here, there is no

5

dispute that "[a]s of now, defendants have not moved to enforce the administrative subpoena in any state court, nor has any judicial or quasi-judicial tribunal begun proceedings against the Plaintiff."  (ECF No. 40-3 at 22.)  Thus, the Court overrules Plaintiff's third objection and finds that Plaintiff's motion to quash the subpoena is not ripe for judicial review.

Fourth and finally, Plaintiff contends that the R&R should not have recommended rejecting Plaintiff's request for supplemental briefing and to amend the Amended Complaint with claims that accrued well after the suit commenced.  Plaintiff asserts that "[t]he magistrate judge did not articulate how the filing of a motion to amend the complaint prior to the final adjudication of the motion to dismiss was made would be futile."  (ECF No. 63 at 30.)  Plaintiff ignores the relevant portion of the R&R, which states:

> [s]tanding is to be determined as of the commencement of the suit . . . While this web post may very well have injured Plaintiff, Plaintiff did not make allegations suggesting that such was a "certainly impending future injury" at the time he filed the Amended Complaint. Accordingly, this Court cannot account for the web post in determining whether Plaintiff has standing to sue, and thus the fact remains that this Court lacks subject matter jurisdiction over this case. <u>Therefore, any supplemental certification or memorandum of law that Plaintiff could file regarding this web post would be futile.</u> Relatedly, as this Court lacks subject matter jurisdiction, Plaintiff should not be granted a premotion conference to discuss the filing of another amended complaint.

(R&R at 26-27) (citations omitted) (emphasis added).  Plaintiff offers no argument against this conclusion, and the Court does not see any reason to reject this recommendation.  As the Second Circuit has made clear, "[a] court may not permit an action to continue, even where the jurisdictional deficiencies have been subsequently cured, if jurisdiction was lacking at the commencement of a suit."  <u>Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l</u>, 790 F.3d 411, 422 (2d Cir. 2015).  Thus, the Court finds that any supplemental briefing or amendment with respect to the recent DOH web post would be futile.  Plaintiff's fourth objection is therefore overruled.

### III.    CONCLUSION

For the reasons provided above, the Court adopts the R&R in its entirety. The Amended Complaint is DISMISSED WITHOUT PREJUDICE. The pending motions for a Preliminary Injunction and to Quash are DENIED AS MOOT. The Clerk of the Court is respectfully directed to terminate the pending motions at ECF Nos. 58, 53, 41, and 40, and close this case.

**SO ORDERED.**
Dated:   September 25, 2025
             Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE